PER CURIAM.
| petitioner, Herman W. Robinson, Jr., successfully passed the essay portion of the Louisiana Bar Examination. However, the Committee on Bar Admissions advised petitioner that it was unable to certify his character and fitness to this court, citing his lack of candor in submitting both his application for admission to law school and his applications for admission to the bar. On petitioner’s application to this court, we remanded this matter to the Committee on Bar Admissions Panel on Character and Fitness to conduct an investigation and appointed a commissioner to take character and fitness evidence.
During the character and fitness hearing, the commissioner received documentary evidence and heard testimony given by petitioner and his witnesses. Following the proceedings, the commissioner filed his report with this court, recommending that petitioner be denied admission to the practice of law. Petitioner objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(D)(11).
After hearing oral argument, reviewing the evidence, and considering the law, we agree with the commissioner that petitioner lacks the requisite good moral character to be admitted to the bar. Petitioner failed to disclose his prior criminal offenses when he applied to law school, and failed to accurately disclose the criminal charges on three separate applications for admission to the bar. While ^petitioner characterized the omissions on his bar applications as good faith mistakes (an explanation rejected by the commissioner), he *15 has acknowledged that he intentionally omitted the information on his law school application because he feared he would not be admitted to law school in the face of an accurate disclosure. We agree with the commissioner that such conduct by petitioner is fundamentally inconsistent with a lawyer’s duties of truth and honesty.
Under the circumstances, we conclude petitioner has failed to meet his burden of proving that he has “good moral character” to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § 5(D). Accordingly, it is ordered that the application for admission be and hereby is denied.
ADMISSION DENIED.